UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

WINDY LUCIUS,

     Plaintiff,

v.

SOUTHERN BRAS TAMPA LLC
d/b/a TERRA GAUCHA restaurant

     Defendant.

_____/

## **COMPLAINT**

Plaintiff Windy Lucius ("Plaintiff") by and through her undersigned counsel hereby sues Defendant Southern Bras Tampa LLC doing business as Terra Gaucha restaurant and https://terragaucha.net ("Defendant"), a Florida limited liability company, for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq.*

1.    Venue lies in the Middle District of Florida pursuant to 28 U.S.C. §1391(b) and Local Rule 1.04, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

2.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been

given original jurisdiction over actions which arise from Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and 28 U.S.C. § 2201, § 2202.

3.     Plaintiff is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA 42 U.S.C. §12102(1) & (2), the regulations implementing the ADA as set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4.     Plaintiff uses the internet and a mobile device to help her navigate a world of goods, products and services like sighted individuals. The internet, websites and mobile applications provide her a window into the world that she would not otherwise have. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired. Plaintiff brings this action against Defendant for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) which does not provide to her (a visually impaired customer) the ability to effectively communicate with Defendant's place of public accommodation despite using the available software for that purpose.

2

5.      Plaintiff is also a "tester" for the purpose of asserting her civil rights. She monitors mobile websites to ensure and determine whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6.      Defendant owns and operates the Terra Gaucha Brazilian Steakhouse restaurant[1] which is located at 1108 South Dale Mabry Highway, Tampa, Florida 33629. There is a second Terra Gaucha restaurant which is located in Jacksonville, Florida but it is not a party to this instant action. Terra Gaucha Brazilian Steakhouse restaurants specialize in Brazilian barbecue cuisine ("Churrascaria") and cook meat skewers over open flame pits using wood charcoal and rock salt. Both Terra Gaucha Brazilian Steakhouses are open to the public therefore are subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7) (B), §12182, and 28 C.F.R. §36.104(2). Defendant's Terra Gaucha Brazilian Steakhouse in Tampa Florida is also referenced herein as "place of public accommodation," "Terra Gaucha Tampa restaurant," or "restaurant."

7.      As Defendant is the owner and operator of the Terra Gaucha Tampa restaurant, Defendant is defined as a "Public Accommodation" within meaning of Title III under 42 U.S.C. § 12181(7)(B) and 28 C.F.R. § 36.104(2).

---

[1] The Terra Gaucha restaurant located in Jacksonville Florida is owned by Southern Bras LLC (a Delaware limited liability company authorized to transact business in Florida). On information and belief, this is a related entity to Defendant Southern Bras Tampa LLC but neither the restaurant nor its owner is a party to the instant action. The nature of the relationship between Southern Bras LLC and Defendant will be determined through the discovery process and disclosed in due course.

8.      Subsequent to the effective date of the ADA, Defendant constructed, or caused to be constructed, the https://terragaucha.net mobile website (hereinafter "mobile website") for the public (such as Plaintiff) to access on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, is complementary and supplemental to, the Terra Gaucha Tampa restaurant which is located within this district. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at the Terra Gaucha Tampa restaurant location.

9.      The mobile website is offered by Defendant as a way for the public to become familiar with Terra Gaucha's menu (and specifically the Terra Gaucha Tampa menu items[2]), location, and hours of operation.  The mobile website provides a link to reserve a table for dining within the Terra Gaucha Tampa restaurant, inquire and book private dining events online[3], provides links to the restaurant's Facebook, Twitter, FourSquare, and Instagram pages, allows the public to sign up for the Terra Gaucha email club (to be informed about events and specials) and provides other information Defendant seeks to communicate to the public. The mobile website also enables the public/patrons to purchase gift cards[4] for exclusive use in Terra Gaucha

---

[2] Terra Gaucha Tampa also has a to go menu on its mobile website, but there is no line to order to go online; the PDF menu provides a phone number to call and order to-go food items.
[3] Private events are considered to be any group in excess of 15 people.
[4] Gift cards are either e-gift or m-gift cards sent to the purchaser's designated electronic device, and are not physical cards sent to individual's homes

restaurants (and check those gift card balances online). By the provision of menu selection, reservation services, private event dining inquiry and reservation, and the ability to purchase gift cards online, the mobile website is an integral part of the goods and services offered by Defendant on behalf of its Terra Gaucha Tampa restaurant. By this nexus, the mobile website is characterized as a Place of Public Accommodation subject to Title III of the ADA[5], 42 U.S.C. §§ 12181(7)(B) & (E) and 28 C.F.R. §§ 36.104(2) & (5).

10. Defendant's mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device. Defendant has subjected itself to the ADA because its mobile website is offered as a tool to promote, advertise and sell products and services from its Terra Gaucha Tampa restaurant. As a result, Defendant's mobile website must interact with the public, which includes Plaintiff (a visually impaired person). Therefore, Defendant's mobile website must comply with the ADA, which means it must not discriminate against individuals with

---

[5] Ensuring Web Accessibility for people with disabilities has become a priority for the Department of Justice. The Department of Justice Civil Rights Division has taken the position that both State and local government websites (Title II) and the websites of private entities that are public accommodations (Title III) are covered by the ADA. On March 18, 2022, the DOJ issued guidance on Web Accessibility, see https://beta.ada.gov/resources/web-guidance/. The guidance states that individuals with disabilities should not be denied equal access to information, and inaccessible websites are as excluding as are access barriers to physical locations. DOJ guidance requires that website barriers must be identified, prevented, and removed so that all Title II and Title III entities offer websites that are accessible to people with disabilities.

disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.[6]

11.     Defendant's mobile website does not properly interact with VoiceOver screen reader software technology in a manner that allows Plaintiff (a visually impaired person) to comprehend the mobile website and does not provide other means of accommodation.

12.     Like the seeing community, Plaintiff would like the opportunity to be able to use Defendant's mobile website to test for the ability to comprehend Terra Gaucha Tampa restaurant menu selections and to test for the ability to make reservations, inquire about private events, and to purchase e-gift and m-gift cards online. However, unless Defendant is required to eliminate the barriers to her ability to communicate with Defendant through its mobile website, Plaintiff will continue to denied full and equal access to Defendant's mobile website and will be deterred from fully using that mobile website.

13.     Plaintiff is continuously aware of the violations on Defendant's mobile website and is aware that it would be a futile gesture to attempt to utilize the mobile website as long as those violations exist.

14.     Plaintiff has no plain, adequate, or complete remedy at law to redress

---

[6] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

the wrongs alleged herein and this action is her only means to secure adequate redress from Defendant's practice.

15.     Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

16.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505.

## <u>COUNT I – VIOLATIONS OF TITLE III OF THE ADA</u>

17.     The ADA requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

18.     According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

19.     28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public

accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

20.     Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

21.     Defendant's mobile website has been designed to integrate with its Terra Gaucha Tampa restaurant through the provision of a reservation service, the ability to inquire and book private dining events online and the provision of a store from which to purchase gift cards to use within Terra Gaucha restaurants; therefore, the mobile website is an extension of Defendant's Terra Gaucha Tampa restaurant. By and through its mobile website, Defendant extends its restaurant into individual persons' homes and portable devices wherever located. Therefore, mobile website is a service, facility, privilege, advantage, benefit and accommodation of Terra Gaucha Tampa restaurant. As such, Defendant's mobile website is integrated with, and is a nexus to, Terra Gaucha Tampa restaurant and is required by 28 C.F.R. Section 36.303 *et seq*. to provide effective communication to Plaintiff, as a visually impaired

person.

22.     Plaintiff attempted to access and test Defendant's mobile website, but was unable to do so because the mobile website contains barriers to effective communication for visually impaired individuals such as herself. Plaintiff continues to be unable to effectively communicate with Defendant through its mobile website and understand the content therein because numerous portions of the mobile website do not interface with mobile VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to Plaintiff (a VoiceOver screen reader software user) include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

i.   Guideline 1.3.1 Info and Relationships is violated. The *Date* field in the *Reservation* form is incorrectly labeled as "Date text field read-only."

ii.  Guideline 1.3.2 Meaningful Sequence is violated. Content must be presented in a meaningful order, and this is violated. Some of the menu items are announced out of order and other content is not announced at all. For example, when a mobile VoiceOver screen reader software user navigates to the *Frango* section, the dish names and descriptions are skipped and only three prices are announced. Focus then skips to the first dish description in the *Porco* section. None of the section headings, such as "Bovina, Frango, and Porco" are announced.

iii. Guideline 2.4.3 Focus order is violated. The site is required to provide focus in a logical order, and this has been violated. For example, if a mobile VoiceOver screen reader software user double taps the *Date* field in the *Reservation* form, a popup is displayed, but the popup is not announced and focus moves to the *Time* field instead of to the date picker which prevents mobile VoiceOver screen reader software users from selecting a reservation date.

iv.   Guideline 2.4.6 Headings and Labels is violated. The *Personal message* field and the *second email address* field in the *Gift Card* form are not labeled, each is announced only as "text field."

v.   Guideline 4.1.2 Name, Role, Value is violated. All elements must be built for accessibility and this is not the case. Interactive elements, such as the *Large Parties* checkbox on the *Email Club* popup are not labeled properly. The *Large Parties* checkbox is announced as "Large Parties, row 1, column 2, table end," so mobile VoiceOver screen reader software users are not aware that this is a checkbox.

23.   In this instant case, Defendant's mobile website reservation system is linked to a third party vendor. The fact that a portion of the WCAG 2.1 Level A and AA Guideline violations may be related to a third party vendor platform does not absolve Defendant of culpability. Because restaurants are places of public accommodation, their operators are subject to the requirements of Title III as well. 42 U.S.C. §12181(7)(b). Those requirements include a prohibition against subjecting patrons with disabilities to unequal treatment "through contractual, licensing, or other arrangements," such as use of third party vendors' inaccessible platforms for making reservations. 42 U.S.C. § 12182(b)(1)(A); *See Kohler v Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1264-66 (9th Cir. 2015) (Pre-existing obligations under Title III of the ADA may not be avoided through contractual arrangements, and those obligations remain even where compliance is under control of another party); *Robles v. Yum! Brands, Inc.*, 2018 WL 566781, *4 (C.D. Cal. January 24, 2018) (restaurant operators are liable for website and mobile app accessibility where there is a nexus to the restaurants themselves).  Compliance with the ADA is a nondelegable duty.

24.     As the owner and/or operator of the mobile website which serves as a gateway to the Terra Gaucha Tampa restaurant, Defendant is required to comply with the ADA and the provisions cited above. This includes Defendant's obligation to create and maintain a mobile website that is accessible to Plaintiff so that she (as a visually impaired person) can enjoy full and equal access to the mobile website and the content therein, including the ability to communicate her desire to make a reservation to dine within the Terra Gaucha Tampa restaurant and to purchase gift cards online.

25.     With respect to its mobile website, Defendant has violated the ADA by failing to interface its mobile website with VoiceOver screen reader software utilized by Plaintiff (a visually impaired individual) (reference violations delineated within paragraph 22) either directly or through contractual, licensing or other arrangements. Defendant's violations have resulted in denying Plaintiff effective communication on the basis of her disability in accordance with 28 C.F.R. Section 36.303 *et seq*.

26.     Plaintiff is continuously aware of the violations within Defendant's mobile website and is aware that it would be a futile gesture to attempt to utilize and/or test the mobile website as long as those violations exist.

27.     As the result of the barriers to communication which are present within Defendant's mobile website and by continuing to operate its mobile website with such barriers, Defendant has contributed to Plaintiff's frustration, humiliation, sense

of isolation and segregation and has deprived Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the barriers to effective communication within Defendant's mobile website and knowing that it would be a futile gesture to attempt to utilize the mobile website, Plaintiff has been deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and has been deterred and discouraged from doing so. By maintaining a mobile website with barriers to effective communication, Defendant has deprived Plaintiff the equality of opportunity which it offers to the general public.

28.     Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendant's violations until Defendant is compelled to comply with the requirements of the ADA and conform its mobile website to WCAG 2.1 Level A and AA Guidelines.

29.     Plaintiff desires to access the mobile website to assure herself that the mobile website is in compliance with the ADA so that she will be able to comprehend the mobile website. However, Plaintiff has a realistic, credible, existing and continuing fear of not being able to comprehend and test the Terra Gaucha Tampa reservation service, inquire about private dining events online and to test for the ability to purchase gift cards online due to Defendant's non-compliance with the ADA with respect to its mobile website.

30.     Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff will continue to suffer injury and damage without the immediate relief as requested herein.

31.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter its mobile website to make it readily accessible to and usable by Plaintiff (a visually impaired person).

**WHEREFORE,** Plaintiff Windy Lucius hereby demands judgment against Defendant Southern Bras Tampa LLC and requests the following injunctive and declaratory relief:

a.     The Court issue a Declaratory Judgment that determines that Defendant's mobile website is in violation of Title III of the Americans with Disabilities Act and  28 C.F.R. Section 36.303 *et seq*.;

b.     The Court issue a Declaratory Judgment that Defendant has violated the ADA by failing to monitor and maintain its mobile website to ensure that it is readily accessible to and usable by Plaintiff, a visually impaired person;

c.     The Court issue an Order directing Defendant to alter its mobile website to the full extent required by Title III of the ADA;

d.     The Court issue an Order directing Defendant provide the appropriate

auxiliary aids such that Plaintiff (a visually impaired individual) will be able to effectively communicate with Defendant's mobile website in order to comprehend Terra Gaucha's menu selections, ordering/paying for gift cards online, for making reservations to dine within the Terra Gaucha Tampa restaurant, and for inquiring about space for private dining events, and during that time period prior to the mobile website's being designed to Plaintiff to effectively communicate, requiring Defendant to provide an alternative method for Plaintiff to effectively communicate so that she is  not impeded from obtaining the goods and services which Defendant has made available to the public through its mobile website.

e.  The Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards Plaintiff (a visually impaired person) for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

f.  The Court enter an Order directing Defendant to continually update and maintain its mobile website to ensure that it remains fully accessible pursuant to Title III of the ADA;

g.  The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

h.     The Court provide such other relief as the Court deems just and proper,

and/or is allowable under Title III of the Americans with Disabilities

Act.

Dated: <mark>August     , 2022</mark>

                                          Respectfully submitted,

                                          */s/ J. Courtney Cunningham*
                                          J. Courtney Cunningham, Esq.
                                          J. COURTNEY CUNNINGHAM, PLLC
                                          FBN: 628166
                                          8950 SW 74th Court, Suite 2201
                                          Miami, Florida 33156
                                          Telephone:  305-351-2014
                                          Email: cc@cunninghampllc.com
                                          *Counsel for Plaintiff*